```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

REFINERY INDUSTRIES, INC.       :     CIVIL ACTION
                                :
    v.                          :
                                :
SCOTT TECHNOLOGIES, INC.        :     NO. 02-4847

ORDER

AND NOW, this 29th day of May, 2003, upon consideration of plaintiff's Motion for Enlargement of Time, it is hereby ORDERED that the motion is DENIED.[1]

---

[1] The Clerk mailed the parties, through their counsel, all of the Orders entered in this case using the addresses counsel supplied. For Mr. Needle, plaintiff's counsel, that address is "P.O. Box 56332, Philadelphia, Pa. 19130." There is therefore no reason to believe that this is not the correct mailing address; indeed, it is the address that appears on plaintiff's counsel's letterhead. We also note that we faxed our recent Orders out to both plaintiff's and defendant's counsel, but our attempts to fax to plaintiff's counsel were unavailing. Mr. Needle's office apparently does not have an answering machine.

It is against this backdrop that we analyze plaintiff's Motion for Enlargement of Time in which plaintiff seeks to extend the time nunc pro tunc to file a response to defendant's motion for summary judgment.

On April 25, 2003, on learning that plaintiff filed a request for trial de novo after arbitration under Local Rule 53.2, we set a final pretrial and settlement conference for April 28, 2003 at 2:00 p.m. See Order dated April 25, 2003 (Doc. No. 14). Counsel for defendant, Barbara Denys, Esq. appeared at the appointed settlement conference. Counsel for plaintiff did not. After the conference, we entered an Order, which we faxed and mailed to counsel, that required defendant to file a motion for summary judgment by May 2, 2003, and plaintiff to file a response thereto by May 16, 2003. See Order dated April 28, 2003 (Doc. No. 15). Defendant filed its motion on time. Plaintiff did not file a response.

It was not until May 22, 2003, six days after plaintiff's response to the motion for summary judgment was due, that defendant, through Barbara Denys, Esq., sent us a letter requesting that its motion be granted as uncontested. It did not escape our attention that plaintiff had not filed a response to the motion, but we did not grant defendant's motion for summary judgment as uncontested because, under Fed. R. Civ. P. 56 and Local Rule 7.1(c), we could not.

Then, on May 27, 2003, counsel for plaintiff called our law clerk and claimed that Ms. Denys's May 22nd letter was the

(continued...)

BY THE COURT:

_____
Stewart Dalzell, J.

---

[1](...continued)
"first" he learned that there was a motion for summary judgment to which plaintiff was supposed to file a response by May 16, 2003. That same day, this "Motion for Enlargement of Time" was filed.

Plaintiff states in the motion that "[p]laintiff's counsel did not receive a copy of the Order" that we entered on April 28, 2003 and mailed to the parties. Indeed, counsel claims to have had no notice at all of the motion for summary judgment until he received the May 22nd letter on May 26, 2003.

We find counsel's assertion incredible. For plaintiff's counsel not to have known that a motion for summary judgment was filed, to which a response was required, all of the following would have to be true: (a) he did not get our Order setting the April 28, 2003 conference, (b) he did not receive the Order setting summary judgment, and (c) he did not get the motion for summary judgment itself. Any of these documents would have placed counsel on notice that a motion for summary judgment was filed or to be filed, or triggered a duty to inquire further. Counsel admits, however, that he received the letter that Barbara Denys sent by mail to the same address. We simply cannot believe that three separate items, on three separate days, got lost in the mail. If plaintiff's counsel did not give the Court a reliable mailing address or did not periodically check his mail, that is his fault.

We reject the contention of plaintiff that defendant will not be prejudiced by our granting plaintiff's motion to retroactively enlarge the time to file a response to the motion for summary judgment. Defendant -- and the Court -- is prejudiced by defendant's unreasoned refusal to adhere to scheduling deadlines, and we shall not countenance further prejudice because of plaintiff's counsel's cavalier approach to this Court (to say nothing of his duties under Rule of Prof. Conduct 3.3).