```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REFINERY INDUSTRIES, INC.        :    CIVIL ACTION
                                 :
     v.                          :
                                 :
SCOTT TECHNOLOGIES, INC.         :    NO. 02-4847
```

ORDER

AND NOW, this 25th day of August, 2003, upon consideration of plaintiff Refinery Industries' motion for reconsideration, and defendant Scott Technologies' response thereto, and the Court finding that:

(a) On June 3, 2003, we granted Scott Technologies' motion for summary judgment;

(b) We note that Refinery Industries had not filed a timely response to the motion for summary judgment, and, for reasons stated in our May 29, 2003 Order, we denied Refinery Industries' motion for leave for an enlargement of time to file a response to the motion for summary judgment nunc pro tunc;

(c) Now before us is plaintiff Refinery Industries' Motion for Reconsideration of our summary judgment Order;

(d) We begin by noting the heightened standard of review that applies to motions for reconsideration under Federal Rule of Civil Procedure 60(b);

(e) "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1986), and in view of the policy of the finality of judgments, a motion for reconsideration should only be granted in extraordinary circumstances;  as our Court of Appeals has said:

> Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal....'  It is intended to be a means for accomplishing justice in extraordinary situations, and so confined, does not violate the principle of finality of judgments.

Kock v. Government of the Virgin Islands, 811 F.2d 240 (3d Cir. 1987), quoted in Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998);

(f)  The policy of finality is especially weighty here because Refinery Industries could otherwise use a motion for reconsideration to make an end-run around this Court's May 29th Order denying it leave for an extension of time to file a response to the motion for summary judgment;

(g)  Turning to the motion, Refinery Industries first argues that we erred in applying federal law -- and that we should instead have applied North Carolina law -- to its breach of contract claim;

(h)  While true that North Carolina law is the law under which plaintiff may recover for breach of contract, we held that federal law applies to the defense of illegality, because federal law, not North Carolina law, stood to be violated as a result of the contract;

(i)  Refinery next asserts that we erred in holding the fraud claim to be barred by the statute of limitations;

(j)  The complaint alleges as to fraud that:

> From March 1998 through August 1998, Scott represented...that it would supply and had in fact shipped 245 authentic, functioning and tested Scott D-15 Gastesters w/brass probes

> to Refinery and/or to shippers designated by
> Refinery whereas in fact: [] Scott had no
> intention of supplying Refinery with this
> merchandise due to Scott's suspicions that
> Refinery's purchaser, Starmount, in fact
> intended to resell them to Iran. ... Scott
> at all times intended to ship and did ship
> worthless, non-functioning dummy testers.

Compl. ¶ 26;

    (k)  Under the discovery rule in Pennsylvania, the cause of action for fraud runs from when the plaintiff knew or should have known of the conduct that constitutes the alleged fraud, see Beauty v. Time Warner, 118 F.3d 140, 148 (3d Cir. 1997) ("[T]he discovery rule applies in Pennsylvania when the underlying cause of action sounds in fraud, and that the statute of limitations is tolled until the plaintiff learns or reasonably should have learned through the exercise of due diligence of the existence of the fraud.");

    (l)  As we stated in our Order, on May 16, 2000, the Government sent a letter to Refinery's counsel -- in the context of the criminal investigation against Refinery for exporting gas testers to Iran -- that "the gas testers are inoperable," see Order of June 3, 2003 (Doc. No. 19); Def.'s Mot. For Summ. J., Ex. W (letter);

    (m)  Accordingly, on May 16, 2000, Refinery knew or should have known with the exercise of diligence that the gas testers that Scott supplied it were "worthless, non-functioning dummy testers"; and

    (n)  Since the statute of limitations for fraud is two years, and Refinery did not commence this action until July 19,

2002, we did not err in finding the cause of action for fraud to be untimely;

It is hereby ORDERED that the Motion for Reconsideration (Doc. No. 20) is DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.